IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| CYNTHIA HERRERA AND ENRIQUE MENDOZA § § § | |
| VS. § | C.A. No. 5:20-cv-00002 |
| § § LOWE'S HOME CENTERS, INC., § INDIVIDUALLY AND D/B/A LOWE'S § HOME IMPROVEMENT, LOWE'S OF § LAREDO, TX STORE NO. 1563 D/B/A § LOWE'S HOME IMPROVEMENT, AND § ANGEL RODRIGUEZ § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Cynthia Herrera and Enrique Mendoza, hereinafter referred to as Plaintiffs, complaining of Lowe's Home Centers, Inc., Individually and d/b/a Lowe's Home Improvement, and Angel Rodriguez (formerly identified as "John Doe"), hereinafter referred to as Defendants, and would respectfully show the Court as follows:

### A. PARTIES

1. Plaintiffs are resident citizens of Laredo, Webb County, Texas.

2. Defendant, Lowe's Home Centers, LLC, Individually and d/b/a Lowe's Home Improvement, is a foreign limited liability company authorized to do business in the State of Texas and is doing business in and maintaining agents and agencies in the State of Texas and has appeared and answered herein.

3. Defendant, Angel Rodriguez (formerly identified as "John Doe"), is a resident citizen of Texas (and was a resident citizen of Texas at the time of the

occurrence in question) and may be served at his place of employment 6623 San Dario Ave, Laredo, Texas 78041 or wherever else he may be found.

## B. JURISDICTION

4. The Court had jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendant, Lowe's Home Centers, LLC, Individually and d/b/a Lowe's Home Improvement, were citizens of different U.S. states and the amount in controversy exceeds $75,000.00, excluding interest and costs. However, since Defendant, Angel Rodriguez, is a Texas citizen, the Court faces a jurisdictional defect.

## C. VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this lawsuit occurred in Webb County, Texas in the Southern District of Texas.

## D. FACTS

6. It has become necessary for your Plaintiffs to file this lawsuit to recover their compensatory damages arising from an incident that occurred on or about December 15, 2018 at the Defendant's store located at 6623 San Dario, Laredo, Webb County, Texas. The premises in question were owned, operated and maintained by the Defendant, Lowe's Home Centers, LLC, Individually and d/b/a Lowe's Home Improvement, at all relevant times. At all times relevant hereto, Plaintiffs were shopping at the Defendant's store and, therefore, your Plaintiffs were business invitees of Defendant's store at the time of the incident made the basis of this lawsuit. At such time, Defendant's employee, Angel Rodriguez, was using, moving or operating a Ballymore power stocker personnel lift device ("personnel lift device") when he negligently struck Plaintiff, Cynthia Herrera.

Plaintiffs allege that the incident in question and Plaintiffs' resulting injuries and damages were proximately caused by the negligence of the Defendants, their representatives, employees and agents all acting in the course and scope of their employment with and in furtherance of the business affairs of the Defendant, Lowe's Home Centers, LLC, Individually and d/b/a Lowe's Home Improvement.

### E. NEGLIGENCE OF DEFENDANT ANGEL RODRIGUEZ

7. Plaintiffs adopt and incorporate all previous allegations in Section D as if fully set forth herein.

8. At the time and on the occasion in question, Defendant, Angel Rodriguez, owed duties to Plaintiffs, including but not limited to a "duty to exercise reasonable care to avoid foreseeable injury to others",[1] a duty to prevent injury to others when he knowingly created a dangerous condition,[2] and a duty to use reasonable care while using or operating equipment.[3] These are independent duties of care apart from any duty owed by his employer.[4]

---

[1] *See, e.g.*, *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987); *see also Williamson Cty. v. Voss*, 284 S.W.3d 897, 902 (Tex. App.—Austin 2009, no pet.) (discussing the "general duty to exercise ordinary care to avoid a foreseeable risk of harm to others.").

[2] *See, e.g.*, *Buchanan v. Rose*, 159 S.W.2d 109, 110 (Tex. 1942) (holding that a person is under a duty to prevent injury to others when he knowingly creates a dangerous condition); *Lopez-Monroy v. Wal-Mart Stores Texas, LLC*, No. 3:19-CV-00051, 2019 WL 3302615, at *5 (S.D. Tex. July 23, 2019), *report and recommendation adopted*, No. 3:19-CV-00051, 2019 WL 3753702 (S.D. Tex. Aug. 8, 2019) ("Under Texas law, it is well-settled that 'if a party negligently creates a dangerous situation it then becomes his duty to do something about it to prevent injury to others.'"); *Land v. Wal-Mart Stores of Texas, LLC*, No. SA-14-CV-009-XR, 2014 WL 585408, at *4 (W.D. Tex. Feb. 13, 2014) ("As a general principle of tort law, individuals are under a duty to prevent injury when they knowingly create a dangerous condition.").

[3] *See, e.g.*, *Andrade v. Terminal Link Texas, LLC*, No. CIV. A. H-09-2214, 2009 WL 5195974, at *3 (S.D. Tex. Dec. 18, 2009) (holding Texas law "makes clear that when an employee is operating a vehicle in the scope of employment—as [Defendant employee] was in this instance—the

9. At the time and on the occasion in question, Defendant, Angel Rodriguez, was directly and personally involved in creating an unreasonably dangerous condition through his use, movement or operation of the personnel lift device and breached the duties of care owed to Plaintiffs. Defendant, Angel Rodriguez, committed acts and/or omissions of negligence that proximately caused the occurrence in question and Plaintiffs' injuries and damages. The acts and/or omissions are, singularly and/or in combination, as follows:

    a.    Using, moving or operating the personnel lift device without keeping a

---

employee owes an independent duty to others to use reasonable care in operation of the vehicle"); *Cola v. Dow Chem. Co.*, No. 3:19-CV-00199, 2019 WL 5558247, at *4 (S.D. Tex. Oct. 1, 2019), *report and recommendation adopted*, No. 3:19-CV-00199, 2019 WL 5558065 (S.D. Tex. Oct. 28, 2019) (holding it does not matter "whether the vehicle operated by the employee is a train, plane, automobile or Yard Pencil Machine", the employee "owes an independent duty to others to use reasonable care in operation of the vehicle."); *Buchert v. Home Depot U.S.A., Inc.*, No. 6:16-CV-502-RWS-JDL, 2016 WL 6601664, at *3 (E.D. Tex. Sept. 23, 2016), *report and recommendation adopted*, No. 6:16-CV-502-RWS-JDL, 2016 WL 6582010 (E.D. Tex. Nov. 7, 2016) ("In this instance, [defendant employee], acting in the scope of his employment, owed an independent duty to the general public in operating the forklift."); *Flores v. Wal-Mart Stores Texas, L.L.C.*, No. CV B-16-73, 2016 WL 3794761, at *4 (S.D. Tex. June 17, 2016), *report and recommendation adopted*, No. CV B-16-073, 2016 WL 3826288 (S.D. Tex. July 12, 2016) (holding that "[defendant employee] had an independent duty to act in a non-tortious way" when he "was pushing and/or driving a shopping cart" that injured the plaintiff); *Land v. Wal-Mart Stores of Texas, LLC*, No. SA-14-CV-009-XR, 2014 WL 585408, at *2 (W.D. Tex. Feb. 13, 2014) (holding that a cause of action existed against Wal-Mart employee who negligently operated a commercial floor cleaning machine); *Bell v. Wal-Mart No. 2978/Sam*, No. 4:11CV-576-A, 2011 WL 5022815, at *3 (N.D. Tex. Oct. 18, 2011) (discussing employees' liability for breaching duty of reasonable care to the general public when dolly employees were using struck plaintiff).

[4] *See Andrade v. Terminal Link Texas, LLC*, No. CIV. A. H-09-2214, 2009 WL 5195974, at *3 (S.D. Tex. Dec. 18, 2009) (concluding that employee who "was operating a Yard Pencil Machine in an attempt to place a container in [plaintiff's] truck" had "an independent duty to [plaintiff] to use reasonable care in his operation of the vehicle."); *see also Buchert v. Home Depot U.S.A., Inc.*, No. 6:16-CV-502-RWS-JDL, 2016 WL 6601664, at *3 (E.D. Tex. Sept. 23, 2016), *report and recommendation adopted*, No. 6:16-CV-502-RWS-JDL, 2016 WL 6582010 (E.D. Tex. Nov. 7, 2016); *Flores v. Wal-Mart Stores Texas, L.L.C.*, No. CV B-16-73, 2016 WL 3794761, at *4 (S.D. Tex. June 17, 2016), *report and recommendation adopted*, No. CV B-16-073, 2016 WL 3826288 (S.D. Tex. July 12, 2016); *Land v. Wal-Mart Stores of Texas, LLC*, No. SA-14-CV-009-XR, 2014 WL 585408, at *2 (W.D. Tex. Feb. 13, 2014).

proper lookout;

b. Using, moving or operating the personnel lift device without properly controlling the personnel lift device;

c. Using, moving or operating the personnel lift device without maintaining a proper distance between the personnel lift device and pedestrians, including Plaintiff;

d. Failure to properly inspect or otherwise ensure the aisle or work area was empty and/or clear of pedestrians and to eliminate or warn against such hazards before and during the use, movement or operation of the personnel lift device;

e. Using, moving or operating the personnel lift device without the proper use of barricades, personnel, signs, flags, alarms, lights, cones or other warnings to warn and alert pedestrians of the dangerous hazard and condition created by using, moving or operating the personnel lift device around pedestrians;

f. Using, moving or operating the personnel lift device without the proper use of barricades, personnel, signs, flags, alarms, lights, cones or other warnings, safeguards or obstructions to separate the area where the personnel lift device was being used, moved or operated from pedestrian traffic; and/or

g. Using, moving or operating the personnel lift device while distracted and/or inattentive.

10. Such acts and/or omissions constitute negligence, and such negligence, singularly or in combination, as applicable and as the evidence will reveal, proximately caused the occurrence in question and Plaintiffs' injuries and damages. Specifically, but for Defendant's acts and/or omissions, the occurrence in question and Plaintiffs' injuries and damages would not have occurred and it was reasonably foreseeable that the same or similar events would occur as a result of Defendant's acts and/or omissions.

## F.  NEGLIGENCE OF DEFENDANT LOWE'S

11. Plaintiffs adopt and incorporate all previous allegations in Sections D and E as if fully set forth herein.

12. At the time and on the occasion in question, Defendant, Lowe's Home Centers, LLC, Individually and d/b/a Lowe's Home Improvement, owed duties to Plaintiffs, including but not limited to a duty to do what a person of ordinary prudence in the same or similar circumstances would have done,[5] a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the Defendant knows about or in the exercise of ordinary care should know about,[6] and a duty to otherwise keep the premises in question in a safe condition.[7] Defendant breached the duties of care owed to Plaintiffs based on the following acts and/or omissions of negligence.

13. Plaintiffs allege that Defendant, Lowe's Home Centers, LLC, Individually and d/b/a Lowe's Home Improvement, committed acts and/or omissions of negligent training or supervision, negligent entrustment and/or negligence in providing the means for its employee, Angel Rodriguez, to be entrusted and/or provided the personnel lift device in question to an incompetent, unsafe, dangerous or reckless operator or without properly training him to safely use, move or operate the personnel lift device or properly supervising his use, movement or operation of the personnel lift device, and such

---

[5] *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 473 (Tex. 2017) (citing *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998)).

[6] *United Scaffolding*, 537 S.W.3d at 473 (citing *Timberwalk Apartments*, 972 S.W.2d at 753).

[7] *United Scaffolding*, 537 S.W.3d at 471 ("Generally, an owner or occupier of property has a duty to keep the premises under its control in a safe condition.").

negligence and negligent entrustment, singularly or in combination, and as the evidence will reveal, being a proximate cause of the incident in question and the injuries and damages suffered by Plaintiffs.

14. At the time and on the occasion in question, Plaintiff encountered a defect in the condition of Defendant's premises in the form of Defendant's employee's use, movement or operation of the personnel lift device around customers without adequate safeguards in place, which posed an unreasonable risk of harm. As a result of this defect, Plaintiff was struck by the personnel lift device, causing the injuries and damages that make the basis of this lawsuit. The presence of such defect constituted an unreasonable risk of harm of which the Defendant, its agents, servants and/or employees acting within the course and scope of their employment created, knew of or, in the alternative, should have known of, and of which the Defendant failed to correct, failed to warn of, and otherwise failed to exercise reasonable care for the safety of the Plaintiffs and other persons. Plaintiffs further allege that the Defendant, its agents, servants and/or employees acting within the course and scope of their employment: failed to correct the defect; failed to warn of same; failed to guard against same; failed to have an employee or other representative stationed in, located in or otherwise in or near the area in which the incident made the basis of this lawsuit occurred such that said person could properly watch and inspect the area for pedestrians and eliminate or reduce the risk of such conditions as what Plaintiff Cynthia Herrera encountered at the time of the incident made the basis of this lawsuit; failed to provide the reasonable care to protect its customers from the known and unusually high risk accompanying the use, movement or operation of equipment such as the personnel lift device around customers; failed to properly inspect

the work area before and during the use, movement or operation of the personnel lift device; failed to maintain the premises in a safe condition by properly inspecting, identifying, warning and/or remedying said conditions which Plaintiff encountered; failed to properly separate pedestrian traffic from the use, movement or operation of equipment such as the personnel lift device; and otherwise failed to exercise reasonable care for the safety of the Plaintiffs and other customers by authorizing or allowing the use, movement or operation of the personnel lift device without proper training, instruction or supervision. Plaintiffs further allege that the Defendant had actual or constructive knowledge of the condition of the premises' defect described above, which occurred at Defendant's store. Additionally, Defendant had a duty, including a non-delegable duty, to use ordinary care in maintaining the premises in a safe condition by inspecting the property and making it safe against any known or knowable defects or giving warning of any such defects. Defendant, by and through its agents, servants and/or employees acting within the course and scope of their employment, failed in their duties and were therefore negligent. All of the above-enumerated acts and/or omissions, singularly or in combination, constitute negligence as that term is known in law and same proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiffs.

15. Plaintiffs further allege that, at the time and on the occasion in question, Plaintiff Cynthia Herrera was injured as a result of a condition and mode of operation/course of conduct on behalf of the Defendant that posed an unreasonable risk of harm of which the Defendant, its agents, servants and/or employees acting within the course and scope of their employment had actual or constructive knowledge and did not exercise reasonable care to reduce or eliminate that risk by correcting or warning of same

and such negligent failure proximately caused Plaintiffs' injuries and damages. In particular, Defendant chose, decided, mandated and was otherwise responsible for the course of conduct and method of operation incident to the management of its store and the areas of its store used and available to be used by customers as follows: Defendant chose, decided, mandated and was otherwise responsible (1) for the inspection of the areas of its store used and available to be used by customers prior to and during the use, movement or operation of equipment such as the personnel lift device; (2) for the development, existence, substance and applicability of accident prevention policies and hazard assessments applicable to the areas of its store used and available to be used by customers; (3) for the implementation or use of barricades, personnel, signs, flags, alarms, lights, cones or other warnings to separate pedestrian traffic from equipment traffic and/or warn and alert pedestrians of the dangerous hazard and condition created by using, moving or operating equipment such as the personnel lift device around pedestrians; (4) for what education, training and supervision, if any, it would provide to, recommend or require for employees of the store related to the inspection of areas of its store used and available to be used by customers prior to and during the use, movement or operation of equipment such as the personnel lift device and identifying hazards in those areas associated with such use, movement or operation of equipment; and (5) for what education, training and supervision, if any, it would provide to, recommend or require for employees of the store related to the use, movement or operation of equipment such as the personnel lift device.

16.    Plaintiff alleges that the Defendant, Angel Rodriguez, was acting within the course and scope of his employment and in the furtherance of the business affairs of the

Defendant, Lowe's Home Centers, LLC, Individually and d/b/a Lowe's Home Improvement, at the time of and in relation to the occurrence in question. Defendant Angel Rodriguez, therefore, was an employee of the Defendant, Lowe's Home Centers, LLC, Individually and d/b/a Lowe's Home Improvement, at the time of the occurrence in question. Thus, based upon the legal theory of vicarious liability and *respondeat superior*, Defendant, Lowe's Home Centers, LLC, Individually and d/b/a Lowe's Home Improvement, is responsible and liable to your Plaintiffs for the acts and/or omissions of negligence of Defendant, Angel Rodriguez, which proximately caused the occurrence in question and Plaintiffs' injuries and damages.

### G.  COMPENSATORY DAMAGES

17.  As a result of the acts and/or omissions that caused the injuries and damages referenced above, your Plaintiff, Cynthia Herrera, alleges that she sustained physical injuries and damages from which she now suffers and in all probability will continue to suffer into the future in terms of physical pain, mental anguish, physical impairment, disfigurement, loss of earning capacity and the incurring of medical and hospital bills and expenses in the past and in the future and she therefore sues in an amount within the minimum jurisdictional limits of the Court, over $200,000.00 but not more than $1,000,000.00.

18.  As a result of the acts and/or omissions that caused the injuries and damages referenced above, and the injuries and damages of Cynthia Herrera, your Plaintiff, Enrique Mendoza, who is the spouse of Plaintiff, Cynthia Herrera, alleges he has sustained loss of his wife's consortium and household services, past and future, and sues

for these damages in an amount within the minimum jurisdictional limits of the Court, over $200,000.00 but not more than $1,000,000.00.

19. Plaintiffs also sue for pre-judgment and post-judgment interest on the items of damages allowed by law.

20. Pursuant to Fed. R. Civ. P. 38(a) and (b), and 5(d), as a jury demand was included in Plaintiffs' Original Petition which was included in Defendants' Notice of Removal (Doc. #1-1 at p. 11 of 22), Plaintiffs once again timely and properly assert their demand that this case be tried to a jury.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that upon final hearing Plaintiffs do have and recover of, from and against the Defendants, jointly and severally, their compensatory damages as referenced above all in an amount within the jurisdictional limits of this Court, pre-judgment and post-judgment interest, costs of court, trial by jury, and for such other and further relief, in law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

LAW OFFICES OF GENE S. HAGOOD
1520 E. Highway 6
Alvin, Texas 77511
(281)331-5757
Fax: (281)331-1105
*E-Service Email: firm@h-nlaw.com

BY:   */s/ Gene S. Hagood*
      GENE S. HAGOOD, Attorney in Charge
      SBN 08698400, FBN 3475
      RYAN KING, Of Counsel
      SBN 24073263, FBN 1114926
      Attorneys for Plaintiffs

*E-SERVED DOCUMENTS ARE ONLY ACCEPTED AT THE ABOVE DESIGNATED E-SERVICE EMAIL ADDRESS. SERVICE ON ANY OTHER EMAIL ADDRESS WILL BE CONSIDERED INVALID.

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. Proc., Rule 5, I certify that on this the 2nd day of November, 2020, a true and correct copy of the foregoing instrument was forwarded to all counsel of record, by forwarding same by facsimile and/or electronic transmission as follows:

Mr. Kevin P. Riley and Mr. Jude Smith, Mayer LLP, 4400 Post Oak Parkway, Suite 2850, Houston, TX 77027

                                                      */s/ Ryan King*
                                                      Ryan King